### FOYE *v.* NICHOLS and others.

(*Circuit Court, D. California.* July 24, 1882.)

1. PATENTS FOR INVENTIONS—SIMILAR CONTRIVANCES.
   Where defendant's machine employs the same contrivance as the machine of the plaintiff, it is an infringement, although it may be an improvement upon plaintiff's patent.

2. UTILITY—EVIDENCE OF.
   If the several features or inventions separately claimed by complainant are admitted to be useful when employed in defendant's machine, it is evidence of their usefulness in the machine of the complainant.

In Equity.

SAWYER, C. J., (*orally.*) In the case of *Foye* v. *Nichols* I have reached a conclusion. It is a patent case—a patent plow or pulverizer. One party calls his implement a plow, the other calls his a pulverizer. I am satisfied, on an examination, that the first, fourth, and fifth claims are infringed, and that the patent is a valid patent as to those claims. I do not think there is any anticipation. The point most relied upon is as to whether the blades of the complainant's plow are concavo-convex "transversely." The argument is on the word "transversely." I think the argument is hypercritical, on the strict mathematical scientific definition of the term "transverse."

The drawings show exactly the form, and the model also, which the defendant himself presents, so that there can be no doubt as to what

the party means. The drawing and model give precisely the form in which the blade when bent on the shaft of the defendant's machine takes, which defendant calls "*dishing*," and the complainant "*concavo-convex*." The fact that the complainant christens his implement a "plow," and the defendant his a "pulverizer," cannot affect the character or operation of either machine, as shown by the models and drawings, which constitute important parts of the description. So, whether the term "concavo-convex transversely" describes the complainant's blades with strict mathematical or scientific precision and accuracy, cannot affect the character or operation of the implement, as shown in the models and drawings. The whole, taken together, shows what his meaning is.

The defendant does not make his blades quite so wide as the complainant suggests, but the blade performs the same service in substantially, nay, precisely, the same way. I do not think there can be any misunderstanding as to what the complainant means by his description; that is to say, the description of the implement and its operation in the specifications and drawings. There can be no doubt but that the defendant's blade performs the same operation in precisely the same way. There was some criticism on the single shaft of complainant, and on the draft at right angles to the axis of motion. But defendant's two plows or pulverizers—whatever they may be called—are on a single shaft,—jointed, it is true, but still a single shaft. There is in his machine a contrivance by which he can set his opposite plows absolutely at right angles, or at any desired inclination, in order to accommodate itself to the different varieties of soil. This may possibly be an improvement, but if so, he still uses the two plows on opposite ends of the shaft, with their screws running in opposite directions, the one counteracting the strain of the other in the opposite direction. He embraces the complainant's invention, and even if the complainant's plows on the opposite ends of the shaft are set at an angle, the draft would be at right angles to the general line of the axis of revolution of the entire machine.

The other point that was very strenuously argued and dwelt upon was as to whether the complainant's invention is useful or not.

It was contended that the evidence is insufficient to show its usefulness. If we concede, for the purpose of the argument, that the complainant's own testimony on the question of usefulness left it in doubt, it is still one of those cases which so frequently arise where the defendant uses the precise features of the prior machine, and still insists that they are not useful; and in this case his machine man-

ifestly depends on those elements. In fact, it is all there is of the defendant's machine, so far as its operation as a plow or pulverizer is concerned, and the several features used are separately claimed in plaintiff's patent. He testified that his machine is useful; by far the most useful machine for the purposes intended in existence. If, then, the several features or inventions separately claimed by the claimant are useful in the defendant's machine, they must be useful in the other. Without those features, covered by the several claims sustained, there would be no machine of the defendant.

Defendant's patent does not cover those features, and for the reason that they are anticipated by Foye. It only covers those features in combination with some other minor features. It certainly embraces the features of the complainant's machine, and they are the operative elements of defendant's machine, without which his machine manifestly would not work well.

The complainant claims the several subfeatures or combinations separately, and all are used in defendant's machine, which is admitted to be useful. That is ample evidence of their usefulness. Those are the main points on which the contest arises, and on which the argument was expended.

I think that the patent is a valid one as to these three claims, the first, fourth, and fifth; and the defendant's machine infringes each of those three claims.

There must be a decree for complainant with reference to those claims, and it must be referred to the standing master to ascertain the profits. It is so ordered.